1

2

3

4

5

6

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HECTOR O. ESCALANTE, | ) | 1:05cv689 REC DLB |
| | ) | |
| | ) | |
| | ) | ORDER GRANTING PLAINTIFF'S |
| Plaintiff, | ) | MOTION TO COMPEL |
| | ) | |
| v. | ) | (Document 21) |
| | ) | |
| CITY OF DELANO, et al., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Hector Escalante ("Plaintiff") filed the instant motion to compel production of documents on May 1, 2006.  The motion was heard on May 12, 2006, before the Honorable Dennis L. Beck, United States Magistrate Judge.  Ellen Ellison appeared on behalf of Plaintiffs. Michael Kellar appeared on behalf of Defendants City of Delano ("City") and the individual Delano Police Officers.

## BACKGROUND

Plaintiff filed this complaint for money damages brought under 42 U.S.C. § 1983 for civil rights violations against the City of Delano and several of its employees, individually and officially, for malicious prosecution, false arrest, false imprisonment, false report writing, and conspiracy to do all of the above.

1

1    Plaintiff filed the instant motion to compel on May 1, 2006, and seeks to compel

2  production of documents served on January 11, 2006.  The parties filed their Joint Statement on

3  May 1, 2006.

4                              **FACTUAL ALLEGATIONS**

5    Plaintiff alleges that prior to June 9, 2003, several acts of unlawful harassment occurred

6  by the named officers which led to a June 9, 2003 false arrest of plaintiff and a subsequent arrest

7  on November 12, 2003 while charges were pending on the first arrest.  Plaintiff alleges that both

8  arrests and the harassment by law enforcement preceding the arrests were caused or performed by

9  defendant Campos with the conspiratorial assistance of defendants Arviso, Johnson, Costello,

10  Castaneda, Nicholson, Guzman and Ortiz.  Plaintiff alleges the individual officers conspired to

11  and wrote false police reports to justify the false arrests, false imprisonment and malicious

12  prosecution of plaintiff.  Plaintiff alleges that all allegations made against him were false and

13  resulted in the dismissal of all charges.  Plaintiff alleges the Delano Police Department

14  maintained, enforced, tolerated, permitted, acquiesced and applied policies of allowing

15  unreasonable searches and seizures, inadequate investigations and covering up of misconduct.

16    Defendants contend that at all times relevant herein, plaintiff was suspected of selling

17  illegal drugs and was the subject of an extensive investigation which led to his arrest.  The

18  defendants contend that at all times herein, their conduct was privileged and lawful, and that the

19  arrests of the plaintiff were pursuant to a valid warrant and/or based upon probable cause.  The

20  defendants further contend that all of the officers involved in plaintiff's investigation were

21  properly supervised, and that the Delano Police Department maintains policies regarding such

22  investigations. The defendants further contend that the Delano Police Department does not have

23  a custom of condoning false arrests, false imprisonment, or false report writing.  The defendants

24  contend the plaintiff did not suffer emotional distress other than the type that would be typically

25  suffered by a person dealing in illegal drugs who is arrested by a law enforcement agency.

26

27

28

1    On January 11, 2006, plaintiff served Request for Production, Set No. 1.  When

2  defendants failed to respond, plaintiff contacted counsel on February 17, 2006 and again on

3  March 23, 2006.  Defendants served untimely responses on April 7, 2006 with the production of

4  some documents but objected to others.  Plaintiff argues all objections have been waived and

5  requests revised responses, without objection.

6    Counsel for defendant, a sole practitioner, states that when the discovery was served, he

7  was in trial in the Fresno County Supreme Court (*Garcia v. Paramount Citrus Assn*, 03 CEGCG

8  02781.)  He states that trial began on January 4, 2006 and was not completed until the month of

9  February 2006.  As a result defendants were unable to provide timely responses.  Counsel states

10  that is was not his intention to waive objections to plaintiff's requests.

11                **LEGAL STANDARD**

12    Rule 26(b)(1) of the Federal Rules of Civil Procedure provides as follows:

13            Parties may obtain discovery regarding any matter, not privileged,
              which is relevant to the claim or defense of any party, including the
14            existence, description, nature, custody, condition, and location of
              any books, documents, or other tangible things and the identity and
15            location of persons having knowledge of any discoverable matter. .
              . . The information sought need not be admissible at trial if the
16            information sought appears reasonably calculated to lead to the
              discovery of admissible evidence.

17    In federal question cases,  privileges asserted in response to discovery requests are

18  determined under federal law, not the law of the forum state. Fed. R. Evid. 501; United States v.

19  Zolin, 491 U.S. 554, 562 (1989); Kerr v. United States District Court for the Northern District of

20  California, 511 F.2d 192, 197 (9th Cir. 1975).  Federal common law recognizes a qualified

21  privilege for official information, also known as the governmental privilege, or state secret

22  privilege.  Kerr v. United States District Court for the Northern District of California, 511 F.2d

23  192, 198 (9th Cir. 1975).  The application of the official information privilege is "contingent

24  upon the competing interests of the requesting litigant and subject to disclosure especially where

25  protective measures are taken."  Id.

26    Federal Courts ordinarily recognize a constitutionally-based right of privacy that can be

27  raised in response to discovery requests. See Breed v. United States Dist. Ct. for Northern

28

1   District, 542 F.2d 1114, 1116 (9th Cir.1976) (balancing the invasion of minor's privacy rights

2   against the court's need for ward files); Johnson by Johnson v. Thompson, 971 F.2d 1487, 1497

3   (10th Cir.1992), *cert. den*. 507 U.S. 910, 113 S.Ct. 1255, 122 L.Ed.2d 654 (1993) (denying

4   discovery of names of participants in a medical study due to privacy interests of the individual

5   participants); Cook v. Yellow Freight Sys., Inc., 132 F.R.D. 548, 550-51 (E.D.Cal.1990)

6   (balancing targeted individual's right of privacy against public's need for discovery in

7   employment discrimination case).

**DISCUSSION**

8

9   **A.      PLAINTIFF'S REQUEST FOR PRODUCTION NOS. 3 - 5.**

10          At the beginning of the hearing, the Court inquired into Defendants' responses.  Pursuant

11   to this discussion, it appears that Defendants have produced the documents in their possession in

12   response to Request for Production Numbers 3, 4 and 5 despite their "boilerplate" objections.

13          Failing to respond to a Rule 34 request within the time permitted waives all objections

14   thereto, including claims of privilege and work product.  Richmark Corp. V. Timber Falling

15   Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992).  Defendants failed to provide a timely response

16   to plaintiff's discovery request and therefore have waived all objections thereto.

17          Moreover, there is an inherent vice in the type of "boilerplate" objections used by

18   Defendants.  Such objections leave the propounding party and the court to speculate whether any

19   documents have been withheld in reliance on the objections, as occurred here.  Such objections

20   are also of little use to the responding party in light of the provisions of Rule 34 which require

21   the responding party to indicate whether or not production or inspection of the requested

22   documents will be permitted.

23          Accordingly, Defendants are ordered to provide further verified responses to Request

24   Numbers 2, 4 and 5, without objections and which state that all documents in their possession,

25   custody or control have been produced.

26

27

28

4

1    **B.      PLAINTIFF'S REQUEST FOR PRODUCTION NOS. 1, 6 -9 AND 14.**

2            As stated above, defendants failed to provide timely responses to the discovery and

3    therefore must respond, without objection, to the remaining requests at issue in this motion.

4    Notwithstanding defendants' waiver of objections, the requests seek documents to which plaintiff

5    is entitled under the discovery rules as relevant to his claims.

6            Request for Production Number 1 seeks documents reflecting investigations of

7    complaints against the named defendants for unlawful police harassment, abuse of authority,

8    improper supervisory conduct, related employment guidelines or other civil rights violations

9    from five years prior to the date of the incident thought the date of defendants compliance with

10   this production request.  Such investigations are relevant to Plaintiffs' claims and Defendants

11   shall produce all documents in their possession, custody or control responsive tot his request.

12           Request for Production Number 6 seeks documents regarding Tort claims and lawsuits

13   filed with the City in which any of the individually named defendants (including Jack Griggs,

14   Chief of Police) are identified as the responsible or named employee.  At the hearing, counsel for

15   plaintiff confirmed that this request is limited as stated above and was not meant as a request for

16   all tort claims and lawsuits filed naming the City of Delano.  Defendants shall produce the

17   requested information, as limited, without objection.

18           Request for Production Number 7 seeks performance evaluations for all defendants from

19   five (5) years before the incident through the date of the response.  Defendants shall produce the

20   requested documents.  The Court is mindful of the privacy concerns associated with documents

21   of this nature and therefore strongly encourages the parties to enter into a stipulated protective

22   order to which defendants' production would be subject.

23           Request for Production Number 8 seeks training records, including background

24   investigations into the individual defendants suitability to serve as law enforcement officers and

25   all in service training records for all individually named defendants with the exception of Jack

26   Griggs.  These documents are also relevant to plaintiff's claims and shall be produced by

27   defendants, without objection, subject to any stipulated protective order the parties may enter

28   into.

5

1    Finally, Request for Production <u>Number 9</u>, seeking statistics regarding personnel

2  complaints against the Delano Police Department or its officers and <u>Number 14</u>, seeking

3  personnel jackets for all individually named defendants with the exception of Jack Griggs.  These

4  documents should, of course, be produced subject to a stipulated protective order.  Furthermore,

5  Defendants need only produce that portion of the personnel jackets which includes information in

6  the categories relevant to the claims made in this action, harassment, falsification of police

7  reports, false arrest, and malicious prosecution.

8  **B.    PLAINTIFF'S REQUEST FOR SANCTIONS**

9    Plaintiff requests sanctions pursuant to Rule 26(g) and 37 in the amount of $400.00 per

10  hours for the number of hours spent in connection with this motion to compel.

11    The party who prevails on a motion to compel is entitled to his or her expenses, including

12  reasonable attorney fees, unless the losing party was substantially justified in making or opposing

13  the motion (or other circumstances make such an award unjust).  Fed.R.Civ.P. 37(a)(4).  The

14  burden is on the losing party affirmatively to demonstrate that its position was substantially

15  justified.  *Id*.

16    While the Court recognizes and appreciates the challenges facing sole practitioners in

17  dealing with a large caseload, counsel's complete failure to communicate with counsel prior to

18  the deadline and inattention to this matter is warranting of sanctions.  Counsel has failed to

19  demonstrate substantial justification for his position.  The Federal Rules provide no exception for

20  attorneys' scheduling issues.  Furthermore, a timely request for an extension made to Plaintiff's

21  attorney or to the court, if necessary, would have preserved Defendants' right to object.

22  Counsel's inattention to the requests continued long after the date on which his trial ended.

23  Plaintiff's request for sanctions is therefore granted.

24  **C.    CONCLUSION**

25    Plaintiff's motion to compel further responses to the request served on January 11, 2006

26  is GRANTED.  Defendants shall provide further responses and production of documents as

27  ordered herein, within 20 days of service of this Order.  Plaintiff's motion for sanctions is

28  GRANTED.  Within 10 days of this Order, Plaintiff shall submit a declaration in support of the

1   request for sanctions detailing the number of hours spent on this motion.  Defendants may

2   respond to the declaration within 10 days thereafter.

3          IT IS SO ORDERED.

4          **Dated:    May 16, 2006**                                **/s/ Dennis L. Beck**
    3b142a                                                  UNITED STATES MAGISTRATE JUDGE