# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR ESCALANTE, | CV F 05 0689 AWI DLB |
| Plaintiff, | ORDER RE PLAINTIFF'S REQUEST FOR SANCTIONS |
| v. | |
| CITY OF DELANO, et al., | |
| Defendants. | |

Plaintiff Hector Escalante ("Plaintiff") filed a motion to compel production of documents on May 1, 2006. The motion was heard on May 12, 2006, before the Honorable Dennis L. Beck, United States Magistrate Judge. On May 16, 2006, the undersigned issued an Order granting the motion to compel and awarding sanctions to Plaintiff. The Court ordered Plaintiff to file a declaration within 10 days of the Order, detailing the number of hours spent on the motion.

On July 27, 2006, Defendant City of Delano ("Defendant") filed an opposition to Plaintiff's request for sanctions, arguing that the amount of monetary sanctions requested was excessive, unreasonable and not supported by the record. Defendant also pointed out that Plaintiff had not complied with the Court's Order to submit a declaration within 10 days.

On August 31, 2006, Plaintiff filed the Declaration of Attorney Ellen Hammill Ellison in

1

1  support of the request for sanctions.  In her declaration, Ms. Ellison states that as of the hearing
2  held on May 8, 2006, she had expended over five (5) hours in the meet and confer process and
3  preparing the motion to compel.  She further states that she spent an additional three (3) hours
4  finalizing and making the telephonic appearance.  Ms. Ellison states that she has been engaged
5  exclusively in civil rights litigation for the last fifteen years and bills at the rate of $400.00 per
6  hour.  Plaintiff therefore requests $3,200,00 in monetary sanctions.  Ms. Ellison further states
7  that she did not submit a declaration earlier as ordered by the Court because she believed the
8  declaration already in the record was sufficient.

9  On September 11, 2006, Defendant submitted an additional opposition to the request for
10 sanctions again arguing that the request was excessive, unreasonable and not supported by the
11 record.

## DISCUSSION

13 The party who prevails on a motion to compel is entitled to his or her expenses, including
14 reasonable attorney fees, unless the losing party was substantially justified in making or opposing
15 the motion (or other circumstances make such an award unjust).  Fed.R.Civ.P. 37(a)(4).  The
16 burden is on the losing party affirmatively to demonstrate that its position was substantially
17 justified.  *Id*.

18 As outlined in the Court's Order granting Plaintiff's motion to compel, on January 11,
19 2006, Plaintiff served Request for Production of Documents, Set No. 1.  When Defendants failed
20 to respond, Plaintiff contacted counsel on February 17, 2006 and again on March 23, 2006.
21 Defendants served untimely responses on April 7, 2006 with the production of some documents
22 but objected to others.

23 Counsel for defendant, a sole practitioner, states that when the discovery was served, he
24 was in trial in the Fresno County Supreme Court (*Garcia v. Paramount Citrus Assn*, 03 CEGCG
25 02781.)  He states that trial began on January 4, 2006 and was not completed until the month of
26 February 2006.  As a result defendants were unable to provide timely responses.  Counsel states
27 that is was not his intention to waive objections to plaintiff's requests.

28 As the Court previously stated, counsel's complete failure to communicate with opposing

1  counsel prior to the deadline and his inattention to this matter is warranting of sanctions.

2  Counsel has failed to provide substantial justification for his failure to follow the Court's rules.

3  The Court expects all parties to respect the rules and procedures and further expects the parties to

4  meet the deadlines imposed by the rules and procedures.  If this is not possible counsel should, in

5  good faith, attempt to resolve any difficulties outside of the courtroom.  The present motion

6  likely could have been avoided by communication between counsel.

## **CONCLUSION**

8      Based on the Court's previous Order granting Plaintiff's motion for sanctions and based

9  on the Declaration of Ellen Hammill Ellison, sanctions in the amount of $2,000.00 are awarded

10  to Plaintiff.  These sanctions shall be paid directly to counsel for Plaintiff.

11      IT IS SO ORDERED.

12      Dated:   **December 11, 2006**          **/s/ Dennis L. Beck**
3b142a                                    UNITED STATES MAGISTRATE JUDGE